IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALPH HAROLD RICKETTS,

                Plaintiff,                OPINION AND ORDER

v.

                                                  19-cv-491-wmc

EILEEN S. GAVIN, M.D.,

                Defendant.

---

Representing himself, plaintiff Ralph Ricketts claims that defendant Eileen S. Gavin, a physician at the Wisconsin Secure Program Facility ("WSPF"), acted with deliberate indifference to his risk of epileptic seizures by discontinuing his gabapentin prescription. The court previously granted plaintiff leave to proceed against Dr. Gavin on an Eighth Amendment deliberate indifference claim. (Dkt. #31.) Pending before the court are both parties' motions for summary judgment on that claim. (Dkt. #54 and Dkt. #79.) Because no reasonable jury could find that Dr. Gavin was deliberately indifferent to plaintiff's medical needs, the court will enter summary judgment in her favor.

UNDISPUTED FACTS[1]

At all times relevant to this case, Ralph Ricketts was in the custody of the Wisconsin Department of Corrections ("DOC") at WSPF. Ricketts had been prescribed gabapentin, an anticonvulsant medication used to treat epileptic seizures and nerve pain. During the

---

[1] Unless otherwise indicated, the following facts are material and undisputed. The court has drawn these facts from the parties' proposed findings, responses, and other evidence.

same timeframe, Dr. Eileen S. Gavin worked at WSPF as an independent contractor for the DOC.  Dr. Gavin has over twenty years of experience practicing medicine.

On January 12, 2019, plaintiff's gabapentin prescription was discontinued by an on-call WSPF physician, citing plaintiff's "diversion" of his medication to other inmates. (Dkt. #61-1.)  The next day, plaintiff suffered a seizure and fell.  On January 14, 2019, one day after his fall, Dr. Gavin saw plaintiff and restarted him on a lower dosage of gabapentin than he had originally been prescribed.  However, plaintiff did not receive his re-prescribed gabapentin until four days later.

OPINION

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  If the moving party meets this burden, then the non-moving party must provide evidence "on which the jury could reasonably find for the nonmoving party" to survive summary judgment.  *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406-407 (7th Cir. 2009), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Here, plaintiff was granted leave to proceed against defendant Gavin on a single Eighth Amendment deliberate indifference claim, and the parties have cross-moved for summary judgment.

The court reviews the parties' cross-motions for summary judgment "construing all facts, and drawing all reasonable inferences from those facts, in favor of . . . the non-moving party."  *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008) (quoting *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d

2

740, 748 (7th Cir. 2007)).  However, the court "may not grant summary judgment for either side unless the admissible evidence as a whole -- from both motions -- establishes that no material facts are in dispute." *Bloodworth v. Vill. of Greendale*, 475 F. App'x 92, 95 (7th Cir. 2012).  Although the parties disagree on who was responsible for discontinuing plaintiff's gabapentin prescription, the *material* facts in this case as set forth above are undisputed and fail to support a finding that the *defendant* discontinued the prescription, much less did so with deliberate indifference.

The Eighth Amendment gives prisoners the right to receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  To prevail on a claim of constitutionally inadequate medical care, an inmate must demonstrate two elements:  (1) an objectively serious medical need; and (2) a state official who acted with deliberate (that is, subjective) indifference to that need.  *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).  For purposes of summary judgment, defendant appears to concede plaintiff's risk of seizures presented an objectively serious medical condition that required treatment.  (Dkt. #56, at 6.)  Accordingly, the court only needs to address the subjective prong of the Eighth Amendment test.

"Deliberate indifference" means that the official was aware that the prisoner faced a substantial risk of serious harm but disregarded that risk by consciously failing to take reasonable measures to address it, which is a decidedly high standard.  *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).  Specifically, acts of deliberate indifference require more than negligence, or even gross negligence, but require something less than purposeful acts. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).  The threshold for deliberate indifference

is met where:  (1) "the official knows of and disregards an excessive risk to inmate health or safety"; or (2) "the official [is] both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he or she draws that inference yet deliberately fails to take reasonable steps to avoid it.  *Id.* at 837.

In the medical context, deliberate indifference may be inferred when the defendant's conduct is "blatantly inappropriate," *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996), or "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment."  *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).  In other words, "[a] constitutional violation exists only if no minimally competent professional would have so responded under those circumstances."  *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) (internal quotations omitted).  Thus, a plaintiff asserting a medical-care claim under the Eighth Amendment must prove four things:  (1) the prisoner needed medical treatment; (2) the defendant knew that the prisoner needed medical treatment; (3) the defendant consciously refused to take reasonable steps to provide the needed treatment; and (4) the defendant's action or inaction harmed the plaintiff.  Federal Civil Jury Instructions of the Seventh Circuit § 7.17 (2017); *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023).  The court is to look at the "totality of [the prisoner's] medical care when considering whether that care evidences deliberate indifference to serious medical needs."  *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

To prevail on his deliberate indifference claims, plaintiff must also show that defendant's personal actions caused his injury.  *Herzog v. Vill. of Winnetka*, 309 F.3d 1041, 1044 (7th Cir. 2002) ("[T]he ordinary rules of tort causation apply to constitutional tort

4

suits."). Causation is normally a question for the jury to decide. *Gayton v. McCoy*, 593 F.3d 610, 624 (7th Cir. 2010) ("only in the rare instance that a plaintiff can proffer no evidence that a delay in medical treatment exacerbated an injury should summary judgment be granted on the issue of causation"). However, a defendant cannot be held liable under the Eighth Amendment "if the remedial step was not within [his or her] power." *Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012). The court analyzes plaintiff's claim against defendant Gavin under these requirements below.

In this case, plaintiff claims that Dr. Gavin acted with deliberate indifference to his seizure risk because: (1) she discontinued his gabapentin prescription on January 12, 2019; and (2) it took four days for him to receive gabapentin again after she re-prescribed it on January 14, 2019. (Dkt. #29, at 4.) No reasonable jury could infer these claims from the evidence of record, which is limited due to plaintiff's failure to respond to defendant's proposed findings of fact or submit materials he contends support either claim, let alone produce admissible evidence to the contrary.[2]

As an initial matter, even when viewed in the light most favorable to plaintiff, the evidence of record is that an on-call provider, *not defendant*, discontinued plaintiff's access to gabapentin on January 12, apparently based on information that plaintiff was giving his gabapentin to other inmates rather than using it himself as prescribed. Indeed, in directly disputing that she was the on-call provider who saw plaintiff on January 12, defendant

---

[2] A party's failure to respond to one side's properly proposed facts ordinarily results in the court's acceptance of the proposed fact. Fed R. Civ. P. 56(e)(3). Nevertheless, the court's analysis gives plaintiff the benefit of the doubt and acknowledges his attempt to place certain facts in dispute, though they are ultimately not material.

5

points this court to contemporaneous DOC records suggesting plaintiff had actually been treated that day by a "Dr. Murphy" on January 12. (Dkt. #82, at 4.)

Even assuming that defendant was somehow responsible for the decision to discontinue plaintiff's gabapentin on January 12, 2019, plaintiff's mere disagreement with that medical judgment -- whether exercised by Dr. Murphy, defendant or some other advanced medical provider -- does not give rise to a deliberate indifference claim, either. Plaintiff is not a medical professional, so he "is not competent to diagnose himself[.]" *Lloyd v. Moats*, 721 F. App'x 490, 495 (7th Cir. 2017). The Eighth Amendment does *not* give a prisoner the right to specific treatment or a medical provider of his choosing on demand. *Petties*, 836 F.3d at 730. Further, medical professionals are "entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)).

Nor does the fact that defendant later reauthorized plaintiff's access to gabapentin, on its own, provide evidence of deliberate indifference. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Rather, defendant's decision to reinstate plaintiff's prescription, albeit at a lower dosage, shows that she was interested in meeting plaintiff's medical needs in response to his seizure, even with the risk that he might again abuse that right. Further, while plaintiff characterizes gabapentin as a "life-sustaining" medication (dkt. #80, at 1), he also provides no evidence suggesting that it was unreasonable for him to be taken off of it, particularly given the undisputed allegation that he was diverting the medication to other inmates.

Finally, plaintiff also takes issue with the amount of time that elapsed between Dr. Gavin's decision to re-prescribe him a lower dose of gabapentin on January 14 and the date he actually began receiving his medication again, apparently five days later on January 19. Certainly, an "inexplicable delay" that exacerbates a prisoner's medical condition or unnecessarily prolongs suffering can show deliberate indifference. *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (quotation marks omitted). "[E]ven brief, unexplained delays in treatment may constitute deliberate indifference." *Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017) (quotation marks omitted). However, the evidence of record again shows that *defendant* re-ordered his gabapentin the day after the fall plaintiff cites as his injury in this case, but was not personally responsible for filling the order. Generally, defendant cannot be held liable under Section 1983 if another member of the WSPF staff who was responsible for getting plaintiff his medications failed to do so. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). Moreover, even if defendant could be found deliberately indifferent to a possible delay by others in filling her order, plaintiff fails to identify *any* injury he suffered as a result of his additional four-day wait to receive gabapentin.

Thus, at bottom, plaintiff's disagreements with defendant's exercise of medical judgment do not create a triable issue of fact for a jury. Rather, the undisputed record plainly shows that: (1) plaintiff had been receiving gabapentin until it was discontinued by an on-call prison doctor on January 12, 2019, based on what was believed to be plaintiff's distributing the drug to other inmates; (2) defendant ordered plaintiff to be put back on gabapentin within one day of his experiencing a seizure; and (3) a reasonable jury could not find defendant's (or another doctor's) exercise of medical judgment in either

7

discontinuing or re-prescribing gabapentin to plaintiff amounted to more than negligence in responding to the information available at the time. Even if, in hindsight, defendant treated him on January 12, 2019, and was aware of the risk that discontinuing his gabapentin prescription could lead to a seizure, she is entitled to deference in her reasoned medical decision-making at the time of treatment. *Lockett v. Bonson*, 937 F.3d 1016, 1024-25 (7th Cir. 2019). Regardless, plaintiff has not adduced *any* admissible evidence suggesting the choice to discontinue his gabapentin prescription on January 12, 2019 -- or reinstate it at a lower dose two days later -- was unreasonable under the circumstances. Accordingly, defendant is entitled to summary judgment on plaintiff's Eighth Amendment claim.

## ORDER

IT IS ORDERED that:

1) Defendant's motion for summary judgment (dkt. #54) is GRANTED, plaintiff's motion for summary judgment (dkt. #79) is DENIED, and judgment shall be entered against plaintiff on his Eighth Amendment claim.

2) The clerk of court is directed to enter final judgment accordingly and close this case.

Entered this 24th day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge